IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID W. HOLLOWAY,
*Petitioner*,

v.

UNITED STATES OF AMERICA
*Respondent.*

Crim. No. ELH-09-0640
(Related Civil No. ELH-16-2514)

**MEMORANDUM OPINION**

This Memorandum Opinion resolves a Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 by David Holloway, the self-represented petitioner. ECF 55 ("Petition"). The government opposes the Petition (ECF 58) and Petitioner has responded. ECF 64. Holloway has also filed a Motion for Appointment of Counsel (ECF 56) and a "Motion for Disposition" of his case. ECF 66.

As discussed, *infra*, no hearing is necessary to resolve the motions. For the reasons that follow, I shall deny the Petition. ECF 55. I shall also deny the Motion for Disposition, as moot. ECF 66. In addition, I shall deny the Motion for Appointment of Counsel. ECF 56. A Certificate of Appealability shall not issue.

**I. Factual Background**

Holloway was indicted in December 2009. ECF 5. The case was assigned to Judge William D. Quarles, Jr.[1] On February 25, 2010, Holloway entered a plea of guilty to Counts One and Two of the Indictment, charging him with bank robbery, in violation of 18 U.S.C. § 2113 (Count One), and possessing, using, and carrying a firearm in connection with a crime of

---

[1] Judge Quarles retired in February 2016. The case was reassigned to me on July 8, 2016. *See* Docket.

violence, in violation of 18 U.S.C. § 924(c) (Count Two). ECF 28; ECF 29 (Plea Agreement). The Plea Agreement stated, in part, ECF 29 at 4, ¶ 6: "The United States Attorney's Office will argue that the Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1 and therefore his Offense Level is 34, Criminal History VI."

According to ¶ 23 of the Presentence Report ("PSR," ECF 67),[2] Holloway qualified as a Career Offender under U.S.S.G. § 4B1.4. *Id.* ¶23. That determination was based on the underlying offense and the fact that Holloway had two prior and distinct felony drug convictions, as well as a conviction for robbery with a deadly weapon. *Id.*; *see also id.* ¶¶ 33, 34, 35.[3]

At the sentencing held on May 17, 2011 (ECF 48), Judge Quarles found that Holloway was a Career Offender. *See* ECF 50 (Statement of Reasons) at 4. Holloway's final adjusted offense level for Count One was 31 and his criminal history category was VI, resulting in an advisory sentencing guidelines range of 188 to 235 months' imprisonment for that count. *See* PSR ¶ 53; ECF 50 at 1. The firearm count (Count Two) required a mandatory minimum term of imprisonment of 84 months, consecutive. Therefore, the total guidelines range called for a period of imprisonment ranging between 272 and 319 months.

Judge Quarles sentenced Holloway to 204 months of incarceration as to Count One, and to a consecutive term of 84 months with respect to Count Two, for a total sentence of 288 months. ECF 49 (Judgment). Holloway did not note an appeal to the Fourth Circuit. *See* Docket.

---

[2] The Presentence Report was not docketed at the time. However, Judge Quarles's office file contained the PSR and I filed it, under seal. *See* ECF 67.

[3] An offender is an Armed Career Criminal and subject to a mandatory minimum sentence of fifteen years' imprisonment if he violates 18 U.S.C. § 922(g) and "has three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e); *see also* U.S.S.G. § 4B1.4.

Several years later, on July 5, 2016, Holloway filed his Petition under 28 U.S.C. § 2255. ECF 55. It was signed on June 24, 2016. *Id.* at 2. In light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), Petitioner argues that he was improperly designated as a Career Offender because his predicate convictions "no longer qualify as a 'crimes of violence' under U.S.G. 4B1.2." ECF 64 at 3.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to prisoners in federal custody. Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," but only on certain grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review. *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998). In other words, as a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). However, this bar generally does not apply to claims pertaining to ineffective assistance of counsel. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

The scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves "a

fundamental defect which inherently results in a complete miscarriage of justice" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see Newbold*, 791 F.3d at 459.

Under 28 U.S.C. § 2255(b), the post-conviction court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief...." *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion...fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225–26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x. 286, 286 (4th Cir. 2007) (per curiam); *see also United States v. Ray*, 547 Fed. App'x. 343, 345 (4th Cir. 2013) (per curiam).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 Fed. Appx.

332, 334 (4th Cir. 2013) (per curiam) (same). Nevertheless, I am satisfied that no hearing is necessary to resolve Holloway's claims. *See* Local Rule 105.6.

**B.**

Holloway seeks the appointment of counsel. ECF 56. The Federal Public Defender ("FPD") had been appointed in this case as part of the *Johnson* litigation. ECF 51. But, then Chief Judge Blake subsequently permitted the FPD to withdraw. ECF 53.

There is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel for a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required."

Upon careful consideration of the filings by Petitioner, I am satisfied that he has amply demonstrated the wherewithal to articulate the legal and factual basis of his claims. The issues pending before the court are not unduly complicated and no evidentiary hearing is necessary in this matter. Accordingly, I shall deny the Motion to Appoint Counsel (ECF 56).

**C.**

Holloway claims that, in light of *Johnson*, 135 S. Ct. 2551, he was improperly designated as a Career Offender.

**1.**

*Johnson* was decided on June 26, 2015. In *Johnson*, 135 S. Ct. at 2555–57, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague.

The Court determined that the residual clause "did not articulate clearly how to evaluate the risks of injury posed by a crime, depriving defendants of fair notice regarding their potential sentence and inviting 'arbitrary enforcement by judges.'" *United States v. Winston*, 850 F.3d 667, 680 (4th Cir. Mar. 13, 2017) (explaining and quoting *Johnson*, 135 S. Ct. at 2557).

The Supreme Court has also recognized that *Johnson* announced a new substantive rule of constitutional law, which applies retroactively on collateral review. *Welch v. United States*, ____ U.S. ____, 136 S. Ct. 1257, 1264-65 (2016). However, in *Beckles v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2017), the Supreme Court determined that the advisory sentencing guidelines are not subject to challenge under *Johnson*.

Under the provisions of 28 U.S.C. § 2255(f), a one-year limitation period applies to petitions under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Timeliness under § 2255(f) is assessed on a "claim-by-claim basis." *Capozzi v. United States,* 768 F.3d 32, 33 (1st Cir. 2014) (per curiam) (collecting cases from the Third, Sixth, Ninth, Tenth, and Eleventh Circuits), *cert. denied*, 135 S. Ct. 1476 (2015); *see Zach v. Tucker*, 704 F.3d 917, 924-25 (11th Cir. 2013) (en banc) (explaining that a petitioner may not use a single, timely claim to revive time-barred claims), *cert. denied*, 134 S. Ct. 156 (2013); *Hannigan*

*v. United States*, 131 F. Supp. 3d 480 (E.D.N.C. 2015), *appeal dismissed*, 638 Fed. App'x 234 (4th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 404 (2016); *see also Mayle v. Felix,* 545 U.S. 644, 662 (2005); *Pace v. DiGuglielmo,* 544 U.S. 408, 416 n. 6 (2005).

As indicated, the Supreme Court decided *Johnson* on June 26, 2015. *See* 135 S. Ct. 2551. Thus, the deadline for a § 2255 petition filed under *Johnson* was June 26, 2016. *See* 28 U.S.C. § 2255(f)(3).

Holloway's Petition (ECF 55) was not received until July 5, 2016. However, it was signed on June 24, 2016. *Id.* at 2. The government does not argue untimeliness. Given the date on which the Petition was signed, I shall consider it as timely filed.

**2.**

In *Johnson*, 135 S. Ct. at 2555-57, the Supreme Court ruled that the definition of a "violent felony" in the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Of import here, Holloway was found to be a Career Offender, not an Armed Career Criminal.

"[A] mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "received a punishment that the law cannot impose upon him." *Newbold*, 791 F.3d at 460 (citation omitted).

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, ____ U.S. ____, 137 S. Ct. 886 (2017). As noted, in *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges. In any event, Holloway was properly found to be a Career Offender.

Pursuant to U.S.S.G. § 4B1.1, a Career Offender is a defendant who was at least 18 years old at the time of the instant offense; the instant offense is a felony crime of violence or a felony controlled substance offense; and the defendant has at least two prior felony convictions for either a crime of violence or a felony controlled substance offense.

The underlying case involved, *inter alia*, armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), & (f). The offense is a crime of violence within the meaning of U.S.S.G. § 4B1.2. In *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) the Court held, *id.* at 157 (emphasis added):

> In sum, we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a "crime of violence" within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it "has as an element the use, attempted use, or threatened use of physical force"—specifically, the taking or attempted taking of property "by force and violence, or by intimidation." Because bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, **armed bank robbery is also a crime of violence under the force clause.**

Further, the Court said, *id.* at 152-53: "We also ruled decades ago that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which is nearly identical to the § 924(c)(3) force clause. *See United States v. Davis*, 915 F.2d 132, 133 (4th Cir. 1990); *accord Johnson v. United States*, 779 F.3d 125, 128-29 (2d Cir. 2015); *United States v. Wright*, 957 F.2d 520, 521 (8th Cir. 1992); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989[])."

In view of the foregoing, there is no question that Petitioner's underlying offense constitutes a crime of violence.

With regard to the requisite prior convictions, the Presentence Report indicates that Petitioner had two prior, qualifying felony controlled substance offenses. Specifically, the

Presentence Report (ECF 67) notes a 1986 conviction in the Circuit Court for Prince George's County for possession with intent to distribute PCP (case no. CT861573). *Id.* ¶ 33. Holloway received a sentence of fifteen years' incarceration. *Id.* It also notes a 2004 conviction for distribution of cocaine, also in the Circuit Court for Prince George's County (case no. CT040800A). ECF 67, ¶ 35. Holloway received a ten-year sentence, of which five years were suspended. *Id.* As a result of these two felony drug convictions, Petitioner was a Career Offender within the meaning of U.S.S.G. § 4B1.1, without regard to his prior conviction for robbery with a deadly weapon. *See id.* ¶ 34. Therefore, the residual clause addressed in *Johnson* has no impact on Petitioner's Career Offender status.

*Johnson* is of no help to Holloway. This is because *Johnson* invalidated as unconstitutionally vague the Residual Clause of the ACCA definition for "violent felony." *Johnson*, 135 S. Ct. at 2558. However, Holloway qualified as a Career Offender based on two prior felony drug offenses. Therefore, I shall DENY the Petition (ECF 55). This ruling renders moot the Motion for Disposition. ECF 66.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional

claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[4] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows, consistent with this Memorandum.


Date: October 20, 2017  /s/
Ellen Lipton Hollander
United States District Judge

---

[4] The denial of a COA by the district court does not preclude a petitioner from seeking a COA from the appellate court.